**CUTTER LAW PC**
C. Brooks Cutter, SBN 121407
John R. Parker, Jr. SBN 257761
Matthew M. Breining, SBN 306788
401 Watt Avenue, Suite 100
Sacramento, California 95864
Telephone: 888-588-9330
Facsimile: 916-588-9330
*jparker@cutterlaw.com*

**DiCELLO LEVITT & CASEY LLC**
Adam J. Levitt
Amy E. Keller
Ten North Dearborn Street
Eleventh Floor
Chicago, Illinois 60610
Telephone: 312-214-7900
*alevitt@dlcfirm.com*
akeller@dlcfirm.com

*Counsel for the Plaintiffs*

*Additional Counsel on Signature Page*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| James Coyne and Michael Coyne, *on behalf of themselves and all others situated*,<br><br>        Plaintiffs,<br><br>v.<br><br>GOOGLE LLC, *a Delaware Limited Liability Company*,<br><br>        Defendant. | Case No.<br><br>**CLASS ACTION** |

CLASS ACTION COMPLAINT

**INTRODUCTION**

1.          Plaintiffs James Coyne and Michael Coyne bring this class action against Google LLC for damages and injunctive relief related to Google's policy of providing third-party developers with privileged access to the email inboxes of users of its Gmail email platform.

2.          By providing this type of access to developers, Google allowed third parties to view and read users' personal emails, even though those users had not provided consent for Google to provide such access.

3.          Users have thus sustained damages as personal, private information has been exposed to third parties without their consent.

**JURISDICTION AND VENUE**

4.          This Court has subject-matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), because this is a class action in which the matter in controversy exceeds the sum of $5,000,000, and Google is a citizen of a State different from that of at least one Class member.

5.          Venue is proper in this District under 28 U.S.C. § 1391(a) through (d) because Google's principal place of business is located in this District and substantial parts of the events or omissions giving rise to the claims occurred in the District.  Venue is also proper in this Court because Google's terms of service require causes of action to be brought in federal or state courts in this District, Google is located here, the causes of action arose here, and the representations described herein emanated from Google's principal place of business located within this District.

**PARTIES**

**A.  Plaintiffs**

6.          Plaintiff James Coyne is a resident and citizen of the State of Ohio. Plaintiff James Coyne created his free Gmail email account in approximately September 2009. Google provided third-party developers with privileged access to Plaintiff's email inbox without his knowledge or consent. As a result, Plaintiff suffered damages as his personal, private information has been exposed to third-parties without his consent.

7.      Plaintiff Michael Coyne is a resident and citizen of the State of Ohio. Plaintiff Michael Coyne created his free Gmail email account in approximately December 2009. Google provided third-party developers with privileged access to Plaintiff's email inbox without his knowledge or consent. As a result, Plaintiff suffered damages as his personal, private information has been exposed to third-parties without his consent.

**B.  Defendant**

8.      Google LLC is a Delaware Limited Liability Company with its principal place of business in Mountain View, California.

9.      Google is a subsidiary of Alphabet Inc., an American multinational conglomerate also headquartered in Mountain View, California.  The two founders of Google—Larry Page and Sergey Brin—serve as its CEO and President, respectively.

10.      Throughout the events at issue here, Google has operated through its directors, officers, employees and agents, and each such person acted within the course and scope of such agency, representation or employment and was acting with the consent, permission and authorization of Google.

11.      Google has uniform Terms of Service for each of its users, which provide that California law applies to all disputes.

> The laws of California, U.S.A., excluding California's conflict of laws rules, will apply to any disputes arising out of or relating to these terms or the Services. All claims arising out of or relating to these terms or the Services will be litigated exclusively in the federal or state courts of Santa Clara County, California, USA, and you and Google consent to personal jurisdiction in those courts.[1]

12.      The application of California law to all of the Class members' claims is fair, appropriate, and an election affirmatively made by Google consistent in its Terms of Service.

13.      Beyond Google's election of California law to govern the claims described herein, the State of California has a significant interest in regulating the conduct of businesses

---

[1] Google Terms of Service, https://policies.google.com/terms (last visited July 4, 2018).

operating within its borders.  California, which seeks to protect the rights and interests of California and all residents and citizens of the United States against a company headquartered and doing business in California, has a greater interest in the claims of Plaintiffs and Class members than any other state or country and is most intimately concerned with the claims and outcome of this litigation.

14.     Application of California law with respect to Plaintiffs' and Class members' claims is neither arbitrary nor fundamentally unfair because California has a state interest in the claims of the Plaintiffs and the Class based upon Google's significant and ongoing contacts with California.

15.     Under California's choice of law principles, which are applicable to this action, the common law of California applies to the common law claims of all Class members. Additionally, given California's significant interest in regulating the conduct of businesses operating within its borders, California's consumer protection laws may be applied to non-resident Plaintiffs and Class members.

## SUBSTANTIVE ALLEGATIONS

16.     Gmail is a free email service developed by Google LLC.  With 1.2 billion active users worldwide, it is one of the most popular email applications for American consumers.

17.     Google represents to its users that it takes security and privacy seriously: "If your data is not secure, it is not private."  Touting the encryption that Google uses to "keep[] your data private while in transit," Google represents that, "[w]hen you do things like send an email. . . the data you create moves between your device, Google services, and our data centers.  We protect this data with multiple layers of security, including encryption technology like HTTPS and Transport Layer Security."[2]

---

[2] Google Privacy, Your Security, *available at* https://privacy.google.com/your-security.html?categories_activeEl=sign-in (last accessed July 4, 2018).

18.     Responding to concerns about machine-based scanning code used to target personalized advertisements to its users, Google announced in June 2017 that it would no longer use email as "input for ads personalization":

> G Suite's Gmail is already not used as input for ads personalization, and Google has decided to follow suit later this year in our free consumer Gmail service. Consumer Gmail content will not be used or scanned for any ads personalization after this change. This decision brings Gmail ads in line with how we personalize ads for other Google products. Ads shown are based on users' settings. Users can change those settings at any time, including disabling ads personalization. G Suite will continue to be ad free.[3]

19.     Google represented that "free consumer Gmail users can remain confident that Google will keep privacy and security paramount as we continue to innovate."  "No other email service protects its users from spam, hacking, and phishing as successfully as Gmail."[4]

20.     Despite its representations to its users regarding the security and privacy of their Gmail messages, Google gave hundreds of third-party developers—like marketing and data-mining firms—*privileged access* to its users' inboxes.  Such access allowed the developers' employees to surreptitiously *read* Gmail user emails.[5]

21.     Google never informed its users that it would give such access to developers, nor did users give such informed consent to allow developers to read their emails.

22.     Responding to user outcry about its latest violation of its own representations regarding privacy, Google points the finger at its own users, foisting responsibility on them for downloading apps that integrate with Gmail, and stating that, regardless, users should not be concerned because the developers have been "vetted."[6]

---

[3] Diane Greene, *As G Suite gains traction in the enterprise, G Suite's Gmail and consumer Gmail to more closely align*, Google Blog (June 23, 2017), https://blog.google/products/gmail/g-suite-gains-traction-in-the-enterprise-g-suites-gmail-and-consumer-gmail-to-more-closely-align/.
[4] *Id.*
[5] Liam Tung, *Who's reading your Gmail?  Not us, says Google, and we vet 3rd-party apps that do*, ZDNet (July 4, 2018), https://www.zdnet.com/article/whos-reading-your-gmail-not-us-says-google-and-we-vet-3rd-party-apps-that-do/.
[6] Suzanne Frey, *Ensuring your security and privacy within Gmail*, Google Blog (July 3, 2018), https://www.blog.google/technology/safety-security/ensuring-your-security-and-privacy-within-gmail/.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CLASS ALLEGATIONS

23.      Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), as applicable, and (c)(4), Plaintiffs seek certification of the following Class:

**All users of Gmail whom Google provided developers access to read the contents of their emails**.

24.      Excluded from the Class are Google and its officers, directors, and employees, and any entity in which Google has a controlling interest; the affiliates, legal representatives, attorneys, heirs, and assigns of Google; and any judge presiding over this matter and the members of their immediate families and judicial staffs.

25.      **Numerosity: Federal Rule of Civil Procedure 23(a)(1)**.  The Class members are so numerous and geographically dispersed that individual joinder of all Class members is impracticable.  Plaintiffs are informed and believe—based upon the publicly-available information discussed herein—that there are millions of Class members, making joinder impracticable.  Those individuals' identities are available through Google's records, and Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods—such as through their Gmail accounts.

26.      **Commonality and Predominance: Federal Rules of Civil Procedure 23(a)(2) and 23(b)(3)**.  Google has acted with respect to Plaintiffs and the other members of the proposed Class in a manner generally applicable to each of them. There is a well-defined community of interest in the questions of law and fact involved, which affect all Class members.  The questions of law and fact common to the Class predominate over the questions that may affect individual Class members, including the following:

    a.   Whether Google's Terms of Service adequately disclosed that it would be providing privileged access to developers to its users' Gmail inboxes;

    b.   Whether third-party developers were provided privileged access to Gmail users' inboxes;

    c.   Whether Google is subject to liability for fraudulently concealing material facts from

Plaintiffs and the other Class members;

f.   Whether Google is subject to liability for violating the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*,

g.   Whether Google's conduct has violated the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*,

h.   Whether Google's conduct has violated Cal. Penal Code § 502.

i.   Whether Google has been unjustly enriched as a result of its fraudulent conduct, such that it would be inequitable for Google to retain the benefits conferred upon it by Plaintiffs and the other Class members;

j.   Whether compensatory or consequential damages should be awarded to Plaintiffs and the other Class members;

k.   Whether punitive damages should be awarded to Plaintiffs and the other Class members;

l.   Whether restitution should be awarded to Plaintiffs and the other Class members; and

m.  Whether other, additional relief is appropriate, and what that relief should be.

27.      **Typicality: Federal Rule of Civil Procedure 23(a)(3)**.  Plaintiffs' claims are typical of other Class members' claims because Plaintiffs and Class members were subjected to the same allegedly unlawful conduct and damaged in the same way.

28.      **Adequacy of Representation: Federal Rule of Civil Procedure 23(a)(4)**. Plaintiffs are adequate Class representatives because their interests do not conflict with the interests of Class members who they seek to represent, Plaintiffs have retained counsel competent and experienced in complex class action litigation, and Plaintiffs intend to prosecute this action vigorously.  The Class members' interests will be fairly and adequately protected by Plaintiffs and their counsel.

29.      **Declaratory and Injunctive Relief: Federal Rule of Civil Procedure 23(b)(2)**. The prosecution of separate actions by individual Class members would create a risk of inconsistent

or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Google.  Such individual actions would create a risk of adjudications that would be dispositive of the interests of other Class members and impair their interests.  Google has acted and/or refused to act on grounds generally applicable to the Class, making final injunctive relief or corresponding declaratory relief appropriate.

30.     Injunctive relief is particularly necessary in this case because Plaintiffs desire to continue using Gmail's services, provided that Gmail make full disclosures and discontinue providing developers with privileged access to their email inboxes.

31.     **Superiority: Federal Rule of Civil Procedure 23(b)(3)**.  A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action.  The damages or other financial detriment suffered by Plaintiffs and Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Google, so it would be impracticable for Class members to individually seek redress for Google's wrongful conduct.  Even if Class members could afford litigation, the court system could not.  Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system.  By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## TOLLING OF APPLICABLE LIMITATIONS PERIODS

32.     To the extent Google seeks to benefit from any statute of limitations defense, Plaintiffs assert that neither they nor the other Class members could have discovered through the exercise of reasonable diligence that Google had provided developers with privileged access to their email inboxes.  Google did not publicly disclose this information, and—to the contrary—Google made affirmative representations regarding privacy that did not provide users with any notice that Google would provide third-party developers with access to their inboxes, allowing these developers to read their emails.

CLASS ACTION COMPLAINT                    7

33.      Google was under a continuous duty to disclose to Plaintiffs and the other Class members of the true nature, quality, and character of the privacy controls available and utilized in Gmail.  Google chose to make certain representations and disclosures regarding its privacy policies; however, its disclosures were inaccurate, deceptive, and negligent.  Based on the foregoing, Google is estopped from relying on any statutes of limitations in defense of this action.

**CAUSES OF ACTION**

**FIRST CLAIM FOR RELIEF**

**VIOLATIONS OF THE CONSUMER LEGAL REMEDIES ACT**

**Cal. Civ. Code § 1750, *et seq.***

34.      Plaintiffs, individually and on behalf of the Class, repeat and allege Paragraphs 1-33, as if fully alleged herein.

35.      Google is a "person" as defined by Civil Code §§ 1761(c) and 1770, and has provided "services" as defined by Civil Code §§ 1761(b) and 1770.

36.      Plaintiffs and the Class members are "consumers" as defined by Civil Code §§ 1761(d) and 1770, and have engaged in a "transaction" as defined by Civil Code §§ 1761(e) and 1770.

37.      The Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* ("CLRA"), is a comprehensive statutory scheme that is to be liberally construed to protect consumers against unfair and deceptive business practices in connection with the conduct of businesses providing goods, property or services to consumers primarily for personal, family, or household use.

38.      In accordance with the liberal application and construction of the CLRA, application of the CLRA to all Class members is appropriate, given that Google's conduct as described herein originated from California, and Google's uniform Terms of Service provide that California law shall apply.

39.      Google violated the CLRA by allowing third-party developers access to its users' Gmail inboxes without providing notice to its users, and without its users providing consent to such access.

40.     Google provided such access while at the same time making representations regarding privacy, concealing that it provided access to third-party developers to read Gmail users' emails.

41.     In so doing, Google exposed personal information to third-party developers, violating its own privacy representations, and engaging in unfair, deceptive, and unlawful practices as described herein.

42.     Google's acts and practices violated the CLRA by

a.   Representing that services have characteristics that they do not have;

b.   Representing that services are of a particular standard, quality, or grade when they were not;

c.   Advertising services with intent not to provide them as advertised; and

d.   Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

43.     Google's representations and omissions were material because they were likely to deceive reasonable consumers.

44.     Consumers provide data to Google in exchange for the use of Gmail for free. For example, Gmail users provide information to Google allowing Google to provide targeted advertisements to its users.

45.     Gmail users never provided consent to Google to provide privileged access to third-party developers.

46.     Had Google actually provided notice to its users that it would allow third-party developers to access users' Gmail inboxes and read their emails, containing personal information, Gmail users would have decided to use other email applications or servicers, or would have severely restricted their usage of Gmail.

47.     As a direct and proximate result of Google's violations of California Civil Code § 1770, Plaintiffs and Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages.

48.      Plaintiffs have provided Google with notice of the Class members' intent to seek damages in compliance with California Civil Code § 1782(a), and will amend their complaint to include a claim for damages pursuant to this cause of action pursuant to the statute.

49.      Plaintiffs and the Class currently seek non-monetary relief allowed by law, including an order enjoining the acts and practices described above under the CLRA.

## SECOND CLAIM FOR RELIEF

## CALIFORNIA COMPUTER DATA ACCESS AND FRAUD ACT,

## Cal. Penal Code § 502, *et seq.*

50.      Plaintiffs, individually and on behalf of the Class, repeat and allege Paragraphs 1-33, as if fully alleged herein.

51.      In providing access to users' inboxes to third-party developers, Google knowingly allowed those third-party developers to access and take data from computer systems and the inboxes of Google's users without allowing those users to consent to such access or use. Accordingly, Google violated the California Penal Code, Computer Data Access and Fraud Act, Cal. Penal Code § 502, *et seq.*

52.      Plaintiffs and Class members did not know, nor could they in the exercise of reasonable diligence know, that Google was providing such access to their data without their consent.

53.      Third-party developers used Plaintiffs and Class members' data without their consent, and Google had both actual and constructive knowledge that, by allowing access to users' inboxes, those third-party developers would use Plaintiffs' and Class members' data.

54.      Google provided access to third-party developers as part of a scheme or artifice to defraud and deceive, because it knowingly provided access to developers, while at the same time making representations regarding privacy that were materially inconsistent, misleading, and deceptive to its users.

55.      As a result of Google's unlawful conduct, Plaintiffs and Class members were damaged in an amount to be determined at trial.

56.     Plaintiffs and the Class seek all monetary and non-monetary relief allowed by law, including damages and punitive damages, an order enjoining the acts and practices described above, attorneys' fees, and costs under the CDAFA.

### THIRD CLAIM FOR RELIEF

### VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAW,

### Cal. Bus. & Prof. Code § 17200, *et seq*.

57.     Plaintiffs, individually and on behalf of the Class, repeat and allege Paragraphs 1-56, as if fully alleged herein.

58.     In accordance with the liberal application and construction of the UCL, application of the UCL to all Class members is appropriate, given that Google's conduct as described herein originated from California, and Google's Terms of Service provide that California law shall apply to the Class members' claims.

59.     Google is a "person" as defined by Cal. Bus. & Prof. Code § 17201.

60.     Google violated Cal. Bus. & Prof. Code §§ 17200, et seq. ("UCL") by engaging in unlawful, unfair, and deceptive business acts and practices.

61.     Google's "unfair" acts and practices include:

a.  Knowingly providing third-party developers with privileged access to Gmail users' email inboxes, without providing notice of same to Plaintiffs and the Class members, or an opportunity for those individuals to provide consent for same; and

b.  Concealing material information from Plaintiffs and the Class members regarding the access it provided to third-party developers, and continuing to misrepresent materiel facts to Plaintiffs and the Class;

62.     Google has engaged in "unlawful" business practices by violating multiple laws, including the CLRA, Cal. Civ. Code §§ 1780, *et seq.*, and California common law.

63.     Google violated § 17200's prohibition against engaging in unlawful acts and practices by engaging in false and misleading advertising and by omitting material facts from users of Google's Gmail platform.  Plaintiffs reserve the right to allege other violations of the law, which

constitute other unlawful business acts and practices.  Google's conduct is ongoing and continues to this date.

64.     Google violated § 17200's prohibition against unfair conduct by failing to inform its users about the Gmail inbox access it provides to third-party developers.  This conduct is substantially injurious to consumers, exposes personal information to third parties without consent, offends public policy, is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefit.  Google engaged in this conduct at the expense of its users' rights when other, lawful alternatives were available (such as providing customers' with full information about the type of access it would provide to developers, or not providing such access, at all).

65.     Google engaged in this conduct to gain an unfair commercial advantage over its competitors, allowing developers to create services that integrate with users' inboxes, while at the same time providing them with access that is unnecessary, and to the benefit of the developers, who now have access to information that users would not otherwise provide.

66.     Google's business practices, as alleged herein, constitute fraudulent conduct because they were likely to deceive, and did deceive, Class members into continuing to use Gmail.

67.     Google's representations and omissions—all which emanated from California— were material because they were likely to deceive reasonable consumers.

68.     California law prohibits unauthorized computer access and fraud pursuant to Cal. Penal Code § 502.

69.     As a result of Google providing access to third-party developers to users' email inboxes, Google knowingly provided access to data to third-parties, without consent of those users, for the purpose of taking, copying, and using information from a computer system or network, and provided assistance and the means by which third-party developers could access this information. As a result, Google violated Cal. Penal Code § 502.

70.     As a direct and proximate result of Google's unfair, unlawful, and fraudulent acts and practices, Plaintiffs and Class members were injured, exposing personal data to third-party

developers without their consent, for the benefit of those developers and Google.

71.     Google acted intentionally, knowingly, and maliciously to violate California's Unfair Competition Law, and recklessly disregarded Plaintiffs and Class members' rights.

72.     Plaintiffs and Class members seek all monetary and non-monetary relief allowed by law, including restitution of all profits stemming from Google's unfair, unlawful, and fraudulent business practices; declaratory relief; reasonable attorneys' fees and costs under California Code of Civil Procedure § 1021.5; injunctive relief; and other appropriate equitable relief.

**FOURTH CLAIM FOR RELIEF**

**BAILMENT**

73.     Plaintiffs, individually and on behalf of the Class, repeat and allege paragraphs 1-33, as if fully alleged herein.

74.     Plaintiffs and the other Class members provided, or authorized access to their personal, private information to Google for the exclusive purpose of using Google's Gmail email platform.

75.     In allowing their private information to be accessed by Google, Plaintiffs and the other Class members intended and understood that Defendants would adequately safeguard their personal, private information.

76.     Google accepted possession of Plaintiffs' and the other Class members' personal, private information for the purpose of making available to Plaintiffs and the other Class members Google's Gmail email platform.

77.     By accepting possession of Plaintiffs' and the other Class members' personal, private information, Defendants understood that Plaintiffs and the other Class members expected Google to adequately safeguard their personal, private information and not allow access to unauthorized third-parties. Accordingly, a bailment (or deposit) was established for the mutual benefit of the parties. During the bailment (or deposit), Google owed a duty to Plaintiffs and the other Class members to exercise reasonable care, diligence, and prudence in protecting their personal, private information.

78.     Google breached its duty of care by providing third-party developers with privileged access to the email inboxes of Plaintiffs and the other Class members, without their consent, resulting in the unlawful and unauthorized access to and misuse of Plaintiffs' and the other Class members' private information.

79.     As a direct and proximate result of Google's breach of its duty, Plaintiffs and the other Class members suffered damages that were reasonably foreseeable to Defendants, including but not limited to the damages set forth above.

80.     As a direct and proximate result of Google's breach of its duty, the personal, private information of Plaintiffs and the other Class members entrusted to Defendants during the bailment (or deposit) was damaged and its value diminished.

## FIFTH CLAIM FOR RELIEF
## INTRUSION UPON SECLUSION

81.     Plaintiffs, individually and on behalf of the Class, repeat and allege paragraphs 1-33, as if fully alleged herein.

82.     Plaintiffs and the other Class members have reasonable expectations of privacy in their email accounts and email inboxes. Plaintiffs' and the other Class members personal, private information includes their email correspondence and other personal, private information contained in their email inboxes and any other behavior that may be monitored by the surreptitious collection of data employed or otherwise enabled by Google.

83.     Google is in a unique position to monitor and/or authorize other third-parties to monitor and/or collect Plaintiffs' and other Class members' personal, private information through its access to Plaintiffs' and other Class members' private email accounts and email inboxes, which Plaintiffs and other Class members reasonably believe is private. The reasonableness of this expectation of privacy is supported by the surreptitious, highly-technical, non-intuitive, and undisclosed nature of Google's unauthorized access to Plaintiffs' and other Class members' email inboxes and/or unauthorized sharing of access to Plaintiffs' and other Class members email inboxes to third-parties.

84.     Google's intrusion upon Plaintiffs' and the other Class members' solitude, seclusion, and private affairs is intentional. Google intentionally accessed, monitored, surreptitiously collected, improperly gained knowledge of, reviewed, and/or maintained and/or allowed third-parties to access, monitor, surreptitiously collect, improperly gain knowledge of, review, and/or maintain Plaintiffs' and the other Class members' personal, private information contained in their email inboxes.

85.     The above-described intrusions are highly offensive to a reasonable person and constitute an egregious breach of social norms. The highly offensive nature of Google's conduct is evidence by, among other things, Google's promise to provide more privacy to Gmail users, and countless studies, new stories, and articles condemning the surreptitious access and/or monitoring of users' email inboxes. Google's conduct is even more highly offensive given the unknown extent of the intrusion, as Google's conduct involves sharing access to Plaintiffs' and the other Class members' email inboxes, which contain personal, private information, with potentially countless third-parties, known and unknown, for undisclosed purposes, in perpetuity.

86.     The highly offensive nature of Google's conduct is further supported by the surreptitious methods Google uses to access and/or share access to Plaintiffs' and the other Class members' personal, private information by invading their private and privileged communications.

87.     Plaintiffs and the other Class members are harmed by Google's intrusion into their private affairs and Google's sharing of access to Plaintiffs' and the other Class members' personal, private information to third-parties, both known and unknown, for unauthorized use and commercial exploitation.

88.     Google's actions and conduct were a substantial factor in causing the harm suffered by Plaintiffs and the other Class members.

89.     As a direct and proximate result of Google's actions, Plaintiffs and the other Class members seek injunctive relief to cease Google's unauthorized access and/or sharing of access of Plaintiffs' and other Class members' personal, private information.

90.     As a direct and proximate result of Google's actions, Plaintiffs and the other Class members have suffered injury and the significant risk of future harm, and are entitled to damages in an amount to be proven at trial.

91.     As a direct and proximate result of Google's actions, Plaintiffs and the other Class members seek punitive damages for the malicious, willful, and intentional actions of Google, which were intended to injure Plaintiffs and the other Class members and constitute a conscious disregard for the rights of Plaintiffs and the other Class members.

**SIXTH CLAIM FOR RELIEF**

**VIOLATION OF THE CALIFORNIA CONSTITUTIONAL RIGHT TO PRIVACY**

92.     Plaintiffs, individually and on behalf of the Class, repeat and allege paragraphs 1-33, as if fully alleged herein.

93.     Plaintiffs and the other Class members have reasonable expectations of privacy in their email accounts and email inboxes. Plaintiffs' and the other Class members personal, private information includes their email correspondence and other personal, private information contained in their email inboxes and any other behavior that may be monitored by the surreptitious collection of data employed or otherwise enabled by Google.

94.     Google is in a unique position to monitor and/or authorize other third-parties to monitor and/or collect Plaintiffs' and other Class members' personal, private information through its access to Plaintiffs' and other Class members' private email accounts and email inboxes, which Plaintiffs and other Class members reasonably believe is private. The reasonableness of this expectation of privacy is supported by the surreptitious, highly-technical, non-intuitive, and undisclosed nature of Google's unauthorized access to Plaintiffs' and other Class members' email inboxes and/or unauthorized sharing of access to Plaintiffs' and other Class members email inboxes to third-parties.

95.     Google's intrusion upon Plaintiffs' and the other Class members' solitude, seclusion, and private affairs is intentional. Google intentionally accessed, monitored, surreptitiously collected, improperly gained knowledge of, reviewed, and/or maintained and/or allowed third-

parties to access, monitor, surreptitiously collect, improperly gain knowledge of, review, and/or maintain Plaintiffs' and the other Class members' personal, private information contained in their email inboxes.

96. The above-described intrusions are highly offensive to a reasonable person and constitute an egregious breach of social norms. The highly offensive nature of Google's conduct is evidence by, among other things, Google's promise to provide more privacy to Gmail users, and countless studies, new stories, and articles condemning the surreptitious access and/or monitoring of users' email inboxes. Google's conduct is even more highly offensive given the unknown extent of the intrusion, as Google's conduct involves sharing access to Plaintiffs' and the other Class members' email inboxes, which contain personal, private information, with potentially countless third-parties, known and unknown, for undisclosed purposes, in perpetuity.

97. The highly offensive nature of Google's conduct is further supported by the surreptitious methods Google uses to access and/or share access to Plaintiffs' and the other Class members' personal, private information by invading their private and privileged communications.

98. Plaintiffs and the other Class members are harmed by Google's intrusion into their private affairs and Google's sharing of access to Plaintiffs' and the other Class members' personal, private information to third-parties, both known and unknown, for unauthorized use and commercial exploitation.

99. Google's actions and conduct were a substantial factor in causing the harm suffered by Plaintiffs and the other Class members.

100. As a direct and proximate result of Google's actions, Plaintiffs and the other Class members seek injunctive relief to cease Google's unauthorized access and/or sharing of access of Plaintiffs' and other Class members' personal, private information.

101. As a direct and proximate result of Google's actions, Plaintiffs and the other Class members have suffered injury and the significant risk of future harm, and are entitled to damages in an amount to be proven at trial.

102.    As a direct and proximate result of Google's actions, Plaintiffs and the other Class members seek punitive damages for the malicious, willful, and intentional actions of Google, which were intended to injure Plaintiffs and the other Class members and constitute a conscious disregard for the rights of Plaintiffs and the other Class members.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all other Class members, respectfully request that the Court enter an Order:

a.    Declaring that this action is a proper class action, certifying the Class as requested herein, designating Plaintiffs as Class Representatives, and appointing Plaintiffs' attorneys as Class Counsel;

b.    Enjoining Google from continuing the unfair business practices alleged in this Complaint;

c.    Ordering Google to pay actual and statutory damages (including punitive damages) and restitution to Plaintiffs and the other Class members, as allowable by law;

d.    Ordering Google to pay both pre- and post-judgment interest on any amounts awarded;

e.    Ordering Google to pay attorneys' fees and costs of suit; and

f.    Ordering such other and further relief as may be just and proper.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.


Respectfully submitted,


*/s/ John R. Parker, Jr.*
John R. Parker (SBN 257761)
**CUTTER LAW PC**
401 Watt Avenue, Suite 100
Sacramento, California 95864
Telephone: 888-588-9330
Facsimile: 916-588-9330
*jparker@cutterlaw.com*

Adam J. Levitt (pending admission *pro hac vice*)
(alevitt@dlcfirm.com)
Amy E. Keller (pending admission *pro hac vice*)
(akeller@dlcfirm.com)
**DICELLO LEVITT & CASEY LLC**
Ten North Dearborn Street, Eleventh Floor
Chicago, Illinois  60602
T:  312-214-7900
F:  440-953-9138

Mark M. Abramowitz (pending admission *pro hac vice*)
(mabramowitz@dlcfirm.com)
Justin J. Hawal (pending admission *pro hac vice*)
(jhawal@dlcfirm.com)
**DICELLO LEVITT & CASEY LLC**
7556 Mentor Ave
Mentor, Ohio 44060
T: 440-953-8888
F: 440-953-9138